Christopher H. Westrick, Esq. (043721997)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)
Attorneys for Defendants St. Joseph's Regional High School
and Roman Catholic Archdiocese of Newark

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB RABINOWITZ,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOSEPH'S REGIONAL HIGH SCHOOL,<br>ROMAN CATHOLIC ARCHDIOCESE OF<br>NEWARK,<br><br>Defendants. | Civil Action No. 2:18-cv-16498-SDW-LDW<br><br>**ANSWER AND SEPARATE DEFENSES** |

Defendants, St. Joseph's Regional High School and Roman Catholic Archdiocese of Newark, by way of Answer to the Plaintiff's Amended Complaint, herein say:

### PARTIES

1. Defendants admit the factual allegations of Paragraph One of the Amended Complaint.

2. Defendants admit the factual allegations of Paragraph Two of the Amended Complaint.

## JURISDICTION AND VENUE

3. Defendants neither admit nor deny the allegations of Paragraph Three of the Amended Complaint insofar as Paragraph Three asserts legal or procedural theory. To the extent Paragraph Three is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

4. Defendants neither admit nor deny the allegations of Paragraph Four of the Amended Complaint insofar as Paragraph Four asserts legal or procedural theory. To the extent Paragraph Four is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

5. Defendants neither admit nor deny the allegations of Paragraph Five of the Amended Complaint insofar as Paragraph Five asserts legal or procedural theory. To the extent Paragraph Five is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

## FACTUAL BACKGROUND

6. Defendants admit the allegations of Paragraph Six of the Amended Complaint insofar as Plaintiff was hired for the 2017-18 school year as a math teacher. Defendants lack sufficient information to either admit or deny the remainder of the factual allegations of Paragraph Six and leave Plaintiff to his proofs, except to add that Plaintiff first brought an allegation concerning a swastika to Defendants for the very first time on March 26, 2018.

7. Defendants deny the factual allegations of Paragraph Seven of the Amended Complaint.

8. Defendants lack sufficient information to either admit or deny the factual allegations of Paragraph Eight of the Amended Complaint and leave Plaintiff to his proofs,

except to add that Plaintiff first brought such allegations to Defendants for the very first time on March 26, 2018.

9. Defendants lack sufficient information to either admit or deny the factual allegations of Paragraph Nine of the Amended Complaint and leave Plaintiff to his proofs, except to add that Plaintiff first brought such allegations to Defendants for the very first time on March 26, 2018.

10. Defendants lack sufficient information to either admit or deny the factual allegations of Paragraph Ten of the Amended Complaint and leave Plaintiff to his proofs, except to add that Plaintiff first brought such allegations to Defendants for the very first time on March 26, 2018.

11. Defendants deny the factual allegations of Paragraph Eleven of the Amended Complaint.

12. Defendants admit the factual allegations of Paragraph Twelve of the Amended Complaint, except to add that the negative performance evaluation contained a variety of criticisms and speaks for itself.

13. Defendants lack sufficient information to either admit or deny the factual allegations of Paragraph Thirteen of the Amended Complaint insofar as the nature of the lesson on February 13, 2018, when the performance review was conducted. Defendants admit that Plaintiff submitted a written response to the negative evaluation approximately six (6) weeks later, on March 26, 2018. Defendants admit that along with his response, Plaintiff for the very first time reported the existence of a swastika on his board and alleged anti-Semitic behavior by students in his class.

14. Defendants admit that St. Joseph's principal, Michael Bruno, wrote a letter to Plaintiff on the same day Plaintiff provided his March 26, 2018 written response to the February 13, 2018 negative evaluation. Defendants deny Plaintiff's mischaracterization of the content of that letter, which speaks for itself. Defendants need not respond to the argumentative statements contained in Paragraph Fourteen of the Amended Complaint, but to the extent they can be construed as setting forth factual allegations, they are denied. Defendants add that the referenced letter from Michael Bruno states in part:

> It was only after you received your observation report that you brought these concerns to my attention, and it was even weeks after you received the report, though you claim this has been a problem all year long.
>
> Moving forward, if you have an issue with a student, it should be first reported to Mr. Roberts, as has been the school policy all year.
>
> All cases of anti-Semitism and sexual harassment are taken extremely seriously by the administration. However, we cannot fix problems that we are unaware even exist.

15. Defendants deny the factual allegations of Paragraph Fifteen of the Amended Complaint.

16. Defendants admit that on March 29, 2018, Plaintiff was notified that his contract "may not be renewed for the 2018-2019 school year". Defendants add that this notice was provided in accordance with the applicable collective bargaining agreement, which requires such notices of nonrenewal to be provided no later than April 1, 2018.

17. Defendants deny the factual allegations of Paragraph Seventeen of the Amended Complaint.

18. Defendants deny the factual allegations of Paragraph Eighteen of the Amended Complaint.

19. Defendants deny the factual allegations of Paragraph Nineteen of the Amended Complaint.

20. Defendants deny the factual allegations of Paragraph Twenty of the Amended Complaint.

## COUNT ONE

21. Defendants repeat and restate each and every response to paragraphs 1 through 20 of the Second Amended Complaint as if set forth at length herein.

22. Defendants neither admit nor deny the allegations of Paragraph Twenty-Two of the Amended Complaint insofar as it asserts legal theory. To the extent Paragraph Twenty-Two is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

23. Defendants neither admit nor deny the allegations of Paragraph Twenty-Three of the Amended Complaint insofar as it asserts legal theory. To the extent Paragraph Twenty-Three is construed to contain factual allegations, they are denied.

24. Defendants deny the factual allegations of Paragraph Twenty-Four of the Amended Complaint.

## COUNT TWO

25. Defendants repeat and restate each and every response to paragraphs 1 through 24 of the Second Amended Complaint as if set forth at length herein.

26. Defendants neither admit nor deny the allegations of Paragraph Twenty-Six of the Amended Complaint insofar as it asserts legal theory. To the extent Paragraph Twenty-Six is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

27. Defendants deny the factual allegations of Paragraph Twenty-Seven of the Amended Complaint.

## COUNT THREE

28. Defendants repeat and restate each and every response to paragraphs 1 through 27 of the Second Amended Complaint as if set forth at length herein.

29. Defendants neither admit nor deny the allegations of Paragraph Twenty-Nine of the Amended Complaint insofar as it asserts legal theory. To the extent Paragraph Twenty-Nine is construed to contain factual allegations, Defendants lack sufficient information to either admit or deny them, and leave Plaintiff to his proofs.

30. Defendants deny the factual allegations of Paragraph Thirty of the Amended Complaint.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, by the Doctrines of Unclean Hands, Laches, and Estoppel.

## THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## FOURTH SEPARATE DEFENSE

Plaintiff's religious discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* are barred because he does not belong the protected class in which he claims membership.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, by the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

## SIXTH SEPARATE DEFENSE

Plaintiff's religious discrimination claims under the NJLAD are barred because he does not belong the protected class in which he claims membership.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, by the provision of the NJLAD which exempts religious organizations and schools operated by religious institutions from the definition of place of public accommodation, N.J.S.A. 10:5-5(1).

## EIGHTH SEPARATE DEFENSE

Plaintiff failed to promptly report any alleged harassment in accordance with applicable policies.

## NINTH SEPARATE DEFENSE

Plaintiff's claims for discrimination, harassment, and/or hostile work environment are barred because, at all relevant times, Defendants maintained an effective anti-discrimination and anti-harassment policy.

## TENTH SEPARATE DEFENSE

Plaintiff's claims for discrimination, harassment, and/or hostile work environment are barred because, at all relevant times, Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided or to otherwise avoid the alleged harm.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claim for hostile work environment is barred because he did not provide reasonable notice to Defendants and provide Defendants a reasonable opportunity to remedy.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claim for hostile work environment is barred because the alleged conduct was not severe, pervasive, or regular.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff did not suffer any unlawful retaliation.

## FOURTEENTH SEPARATE DEFENSE

Defendants relied upon legitimate, non-discriminatory and non-retaliatory reasons with regard to each decision concerning Plaintiff's employment, including but not limited to evaluation, discipline, and termination.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, because he failed to comply with terms and conditions of his employment, including but not limited to the Faculty Handbook.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff failed to act reasonably and expeditiously to mitigate any damages he may have suffered, and Plaintiff's claims therefore are diminished or barred accordingly.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff was employed on an at-will basis and, therefore, Defendants could discipline him and/or terminate his employment at any time with or without notice and with or without cause.

### EIGHTEENTH SEPARATE DEFENSE

Defendants claim the safe haven defense.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, because he failed to exhaust all contractual remedies, including but not limited to those contained in the applicable collective bargaining agreement.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole and in part, because he failed to exhaust all administrative remedies.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff was not performing his job in a manner that met his employer's legitimate expectations.

### TWENTY-SECOND SEPARATE DEFENSE

To the extent that Plaintiff seeks to recover punitive damages, his claims fail because Defendants acted at all times in good faith and without malice.

## TWENTY- THIRD SEPARATE DEFENSE

Defendants reserve their right to apply for the imposition of sanctions against the Plaintiff pursuant to N.J.S.A. 2A:15-59.1 and Fed.R.Civ.P. 11 and to make an application for counsel fees and costs of suit on the basis that the Amended Complaint is without merit, is frivolous, and has been instituted by the Plaintiff in bad faith and with the intent to harass these Defendants and to cause them to incur great expenses in the defense of same, all to Defendants' detriment.

## TWENTY-FOURTH SEPARATE DEFENSE

Defendants reserve their right to interpose additional affirmative defenses based upon ongoing discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, St. Joseph's Regional High School and Roman Catholic Archdiocese of Newark, demand judgment:

1. Dismissing the Amended Complaint in its entirety with prejudice; and

2. Awarding Defendants costs, disbursements and attorneys' fees with respect to this action.

## JURY DEMAND

Defendants St. Joseph's Regional High School and Roman Catholic Archdiocese of Newark, hereby demand a trial by jury on all issues in the above-captioned matter.

## CERTIFICATION

In accordance with the Federal Rules of Civil Procedure, I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
Attorneys for Defendants St. Joseph's Regional
High School and Roman Catholic Archdiocese of
Newark


By: /s/ Christopher H. Westrick
    CHRISTOPHER H. WESTRICK

Dated: January 24, 2019

#663808v1